[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13777
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-81189-WJZ

ANTONIETTA BRINO,
as Personal Representative for the Estate of Carmine DePietto,

Plaintiff - Appellant,

versus

JFK MEDICAL CENTER LIMITED PARTNERSHIP, d.b.a. JFK Medical Center,
COLUMBIA PALM BEACH GP LLC,
GHC-GALEN HEALTH CARE LLC,
HCA HOLDCO LLC,
HEALTHTRUST, INC., - THE HOSPITAL COMPANY, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2019)

Before TJOFLAT, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Antonietta Brino, serving as the personal representative for the estate of Carmine DePietto, sued to recover for Ms. DePietto's death on March 1, 2015, which allegedly resulted from an improper blood transfusion that she had received just days prior. Brino's 93-page First Amended Complaint, which is before us now, alleges 11 claims for relief—two under federal law and nine under Florida law—against 11 Defendants. Fortunately, to resolve the matter before us, we must concern ourselves only with the two federal counts asserted only against two groups of Defendants—(1) unnamed agents of HCA Healthcare, Inc. f/k/a HCA Holdings, Inc. ("the HCA Agents") and (2) JFK Medical Center Limited Partnership d/b/a JFK Medical Center ("JFK"). Brino sued the HCA Agents under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), and sued JFK under 42 U.S.C. § 1983.[1] Defendants moved to dismiss the First Amended Complaint under Rule 12(b)(6) of the Federal

---

[1] A § 1983 claim allows recovery against a state official who, acting in his individual, official capacity, denies one's rights under federal law. 42 U.S.C. § 1983.

A *Bivens* claim, by contrast, allows recovery against a federal official. *Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843, 1860 (2017). A judicially created analog to § 1983, it provides relief for certain violations of the Fourth, Fifth, and Eighth Amendments. *Id.* at ___, 137 S. Ct. at 1854. Because *Bivens* is an implied cause of action—not statutorily created by Congress as is § 1983—"expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *id.* at ___, 137 S. Ct. at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1948 (2009)), and in the past 30 years, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants," *id.* (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68, 122 S. Ct. 515, 520 (2001)).

2

Rules of Civil Procedure.  The magistrate judge to whom the Motion was referred recommended dismissal of the two federal counts because the HCA Agents and JFK were not governmental actors.  He also recommended that the Court decline to exercise supplemental jurisdiction over the nine (remaining) state-law claims.  The District Court adopted the recommendation *in toto*.  Brino appealed.

We affirm because Brino has alleged no facts from which one can infer that the HCA Agents or JFK are governmental actors and because the District Court did not abuse its discretion in dismissing the remaining state-law claims.  Because we write for the parties, we set out facts only as they are needed to support our analysis.

I.

We review *de novo* a district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  We follow a "two-pronged approach" when evaluating a complaint.  We first sift out allegations that are "mere conclusory statements."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  We then determine whether the remaining allegations, taken as true, "plausibly suggest an entitlement to relief."  *Id.* at 681, 129 S. Ct. at 1951.

Brino's federal claims against the HCA Agents and JFK fail for the same reason: neither party is a governmental actor.  Both *Bivens* and § 1983 claims have governmental action as one of their elements, *see Wood v. Kesler*, 323 F.3d 872,

3

882 n.16 (11th Cir. 2003) (observing that § 1983 applies to "state actors" and that

*Bivens* applies to "federal actors"), and we apply the same analysis because the

"concept of action under color of federal law for purposes of a *Bivens* action is

almost identical to the doctrine of action under color of state law for purposes of a

§ 1983 action," *Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987).

A private party, like the HCA Agents and JFK, can be deemed a

governmental actor only if

> (1) the State has coerced or at least significantly encouraged the action
> alleged to violate the Constitution ('State compulsion test'); (2) the
> private parties performed a public function that was traditionally the
> exclusive prerogative of the State ('public function test'); or (3) 'the
> State had so far insinuated itself into a position of interdependence
> with the private parties that it was a joint participant in the enterprise'
> ('nexus/joint action test').

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)

(alterations omitted) (quoting *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d

1022, 1026–27 (11th Cir. 1988)).  Brino invokes the third method of establishing

state action—the nexus/joint action test.

Brino alleges, and we accept these facts as true, that the federal government

and the State of Florida require the HCA Agents and JFK—before they may

perform blood transfusions—to adopt "procedures and rules" and an "internal risk

management program," respectively.  The nexus requirement for state action is met

as to each, she argues, because "if they want to be able to perform, they have to

4

comply." Quite simply, the "mere fact that a State regulates a private party is not sufficient to make that party a State actor." *Rayburn*, 241 F.3d at 1348. Brino points to nothing more. Her approach, moreover, if adopted, would transform into a governmental actor every private manufacturer or service provider that faces any regulation.

We lastly address the District Court's decision not to exercise supplemental jurisdiction over the nine state-law claims.

We review for abuse of discretion a district court's decision not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).[2] *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006); *see also Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997) ("[T]he district court is in the best position to weigh the competing interests set forth in § 1367(c) and *Gibbs* in deciding whether it is appropriate to exercise supplemental jurisdiction."). Because no federal claims remained in this suit, and because the District Court dismissed the state-law claims before any discovery had taken place, the Court did not abuse its discretion. *Cf. Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (affirming a district court's decision not to exercise supplemental jurisdiction when all federal claims were dismissed "prior to trial").

---

[2] The District Court had jurisdiction over the state-law claims because each is for negligence *per se* or medical malpractice and forms part of the "same case or controversy" as the federal claims. 28 U.S.C. § 1367(a).

5

II.

We **AFFIRM** the District Court's order of dismissal of Brino's federal claims for failure to state a claim upon which relief can be granted.  We further **AFFIRM** its order of dismissal of Brino's state-law claims.

**SO ORDERED.**